FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>STEVEN E. GRAHAM,<br><br>                      Defendant. | CASE NO: 2:24-CR-00029-RLP-1<br><br>ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL |

BEFORE THE COURT is Defendant Steven E. Graham's Motion to Dismiss Count 3, ECF No. 105, which is construed as a motion for judgment of acquittal under FRCrP 29. Mr. Graham is represented by David Partovi. The Government is represented by Assistant United States Attorney Nowles Heinrich.

Mr. Graham's case went to trial on a three-count Superseding Indictment. Count One alleged Mr. Graham possessed 400 grams or more of fentanyl and 50 grams or more of actual (pure) methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count Two alleged Mr. Graham unlawfully

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 1

possessed four firearms after previously being convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1). Count Three alleged Mr. Graham possessed four firearms in furtherance of the drug trafficking crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

At the close of the Government's case, Mr. Graham orally moved for judgment of acquittal. The Court denied the motion as to Counts One and Two and reserved ruling as to Count Three. The jury subsequently returned guilty verdicts on all three counts and the Court directed the parties to file supplemental briefing on Count Three.

For the reasons discussed below, the Court now grants Mr. Graham's motion for judgment of acquittal with respect to Count Three.

## BACKGROUND

The Government's case against Mr. Graham was based on evidence seized during execution of a search warrant for Mr. Graham's hotel room and vehicle. Shortly before executing the warrant, surveilling officers saw Mr. Graham and two other individuals carrying bags from Mr. Graham's hotel room to his vehicle, which was parked outside. At the time officers initiated their intervention, Mr. Graham was seated in the driver's seat of the vehicle. Mr. Graham initially attempted to escape on foot, but soon complied with instructions to lay on the ground.

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 2

While searching the trunk of Mr. Graham's vehicle, officers located a duffel bag containing a locked safe. A subsequent search of the scene uncovered a lanyard lying in the grass next to where officers apprehended Mr. Graham. On the lanyard was a key that officers used to unlock the safe.

Inside the safe, officers found a large plastic bag with 556.1 grams of fentanyl pills, another plastic bag containing 21 grams of methamphetamine, and approximately $15,000 in currency. In addition to the drugs and cash, three firearms were found inside the safe. Two of the firearms had loaded magazines. One of the firearms was located inside of a holster.

A further search of the duffel bag revealed a wooden cigar box. The cigar box was in proximity to the safe, but not inside the safe. Inside the cigar box was a fourth firearm.

In addition to evidence found inside the duffel bag, officers also a backpack in the vehicle The backpack contained over 2,000 fentanyl pills, 27 grams of pure methamphetamine, an electronic scale, and over $14,000 in cash. A search of Mr. Graham's person uncovered an additional 19 grams of pure methamphetamine and over $1,900 in cash.

//

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 3

ANALYSIS

Mr. Graham has moved for judgment of acquittal under FRCrP 29, arguing the Government's trial evidence was insufficient to prove he possessed a firearm "in furtherance" of the crime of possession of controlled substances with intent to deliver. This Court's review of a Rule 29 motion requires deference to the Government's evidence. The Court must construe the evidence "in the light most favorable to the Government" and ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Amintobia*, 57 F.4th 687, 697 (9th Cir. 2023) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010)).

A conviction for Felon in Possession of a Firearm in Furtherance of Drug Trafficking under 18 U.S.C. § 924(c)(1)(A)(i) "requires proof that the defendant possessed the weapon to promote or facilitate the underlying [drug trafficking] crime." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004). "[M]ere possession of a firearm by an individual convicted of a drug crime is not sufficient for a rational trier of fact to convict." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). "Instead, the government must show that the defendant intended to use the firearm to promote or facilitate the drug crime." *Id*.

To show that the defendant used the firearm to promote or facilitate a drug crime, the evidence must "reveal a nexus between the guns discovered and the

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 4

underlying offense.'" *Krouse*, 370 F.3d at 967 (2004). "To prove this nexus, the government must 'illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity.'" *United States v. Norwood*, 603 F.3d 1063, 1071 (9th Cir. 2010) (quoting *Krouse*, 370 F.3d at 967).

One way the government can demonstrate the necessary nexus between the firearm and the drug crime is "by showing that the firearm is in the same room and 'within easy reach' of a 'substantial quantity of drugs and drug trafficking paraphernalia.'" *Id*. (quoting *Krouse*, 370 F.3d at 968). Still, "[c]lose proximity in an enclosed setting [] is not sufficient by itself to sustain a conviction." *United States v. Hector*, 474 F.3d 1150, 1158 (2007). If a firearm is not easily accessible or strategically placed, "[f]or example, if the gun were not loaded, or if it were locked in a safe with the key kept in a separate location . . . the importance of proximity would be dissipated." *Id*.; *see also United States v. Mann*, 389 F.3d 869, 880 (9th Cir. 2004) (no nexus shown where firearms were locked in safe inside a truck next to campsite, where safe key was in one tent and methamphetamine manufacturing operation in another). "[T]he presence of a firearm in some proximity to collateral products of a drug crime but far from the locus of drug activities does not establish the requisite nexus." *Rios*, 449 F.3d at 1016.

This case bears a striking resemblance to *Mann*. Three of the firearms

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 5

recovered were found in a locked safe in the trunk of Mr. Graham's car. Mr. Graham kept the key to the safe in a separate location on his person. The locked-away firearms were not easily accessible or strategically placed to allow Mr. Graham to use them to protect the drugs that he possessed with intent to distribute. While the fourth firearm was not locked in a safe, it was stowed away inside of a closed box within the duffel bag. As with the other three firearms, this fourth firearm was not easily accessible or strategically placed for the defense of the drugs.

  The Government argues the evidence was sufficient because the guns and drugs were found in close proximity to each other. But under the circumstances here this circumstance is unhelpful. Guns do not operate on their own—they require a person to deploy them. The Court recognizes that there are cases where guns and drugs are all readily accessible to the defendant, such that close proximity can support possession in furtherance of drug trafficking. *See, e.g., United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007). But here, the guns and the drugs that were stored together in a way that made them *not* readily accessible to Mr. Graham. All four of the guns were stored inside containers within a duffel bag located in the trunk of Mr. Graham's vehicle. The container that held three of the four guns was a locked safe. None of the firearms were possessed in a way that would have made them immediately available to Mr. Graham had he been accosted

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 6

or approached by thieves. *Compare United States v. Mosley*, 465 F.3d 412, 417 (9th Cir. 2006) (evidence sufficient where guns were strategically located to allow for "immediate use"). The Government presented no evidence suggesting the firearms were stored away inside containers in the trunk for any other reason than safekeeping, along with Mr. Graham's other valuables.

Not only does the evidence fail to show that guns were accessible to Mr. Graham while they were stored in the trunk of his car, the trial evidence also failed to show Mr. Graham would have had access to the guns during any drug trafficking activities. The evidence of drug sales in this case was minimal. The Government presented circumstantial evidence indicating Mr. Graham had distributed drugs from his hotel room before execution of the search warrant. However, there is no evidence as to where the guns were located at the time of this conduct. This distinguishes Mr. Graham's case from cases where the evidence has been found sufficient. *See United States v. Thongsy*, 577 F.3d 1036, 1042 (9th Cir. 2009) (evidence sufficient where gun found within the defendant's "easy reach," inside a tent that played "an integral part of the drug operation"); *Hector*, 474 F.3d at 1157 (9th Cir. 2007) (evidence sufficient where guns found under a couch in the living room and the mattress in the bedroom of the defendant's small apartment that was the "focal point" of the defendant's drug sales); *Mosley*, 465 F.3d at 417-18 (9th Cir. 2006) (evidence sufficient where loaded handguns (one of which was

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 7

cocked) were discovered at or near the entrance at a stash housed used for crack cocaine production and packaging); *Krouse*, 370 F.3d at 968 (evidence sufficient where firearms strategically placed within home office where drug trafficking operation took place). As emphasized in *Krouse*, it is the location of the drugs within the site of drug trafficking activity that controls the analysis under § 924(c). 370 F.3d at 968-70. Guns "strategically" placed within "easy reach" in the same area as drug trafficking will be sufficient to support a § 924(c) conviction. *Id*. at 368. But guns possessed by a defendant in other locations will not be. *Id*. Here, the Government simply did not present any evidence as to where the guns were located during any drug trafficking. Thus, there is no evidence from which one can infer that the guns were close at hand to protect drugs or drug proceeds.

The only published[1] case cited by the Government supporting its argument that storage of guns and drugs in the same location is sufficient under § 924(c) is *United States v. Luciano*, 329 F.3d 1 (1st Cir. 2003). The Court finds *Luciano* unhelpful. Not only is *Luciano* from a different circuit, it was decided before the Ninth Circuit's decisions in *Krouse* and *Mann* and therefore fails to reflect the

---

[1] The Government's brief claims support from numerous unpublished cases. Nor only are those cases not precedential, their factual recitations are too thin to allow for a reasoned comparison to Mr. Graham's case.

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 8

analysis that this Court must employ. Furthermore, *Luciano* involved barriers to appellate review that limited the First Circuit's analysis. For one thing, a motion for judgment of acquittal was never made to the trial court; thus, the appellate court merely adjudicated the defendant's conviction for manifest injustice. *Id*. at 5. In addition, the First Circuit specifically declined to "explore exhaustively the semantic contours of 'in furtherance of' in order to resolve [the] appeal" because the defendant's arguments on appeal misidentified the drug trafficking charge that formed the basis of his § 924(c) conviction. *Id*. at 6.

During summation, the Government argued to the jury that because Mr. Graham was prohibited from possessing firearms, the jury could infer that he took the risk of unlawful possession in order to protect his drugs and drug proceeds.[2] However, the mere fact that Mr. Graham's possession of the firearms was illegal is not sufficient to allow an inference that his possession of the guns was in furtherance of drug trafficking. *See Mann*, 389 F.3d at 879-80.

The Government presented no evidence at trial indicating the guns possessed by Mr. Graham were strategically located to facilitate, promote, or embolden drug trafficking. The evidence therefore is insufficient and Mr. Graham's motion must be granted.

---

[2] The defense did not object to this line of argument.

ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL * 9

**ACCORDINGLY, IT IS HEREBY ORDERED**

1. Mr. Graham's Motion to Dismiss Count 3, **ECF No. 105**, is **GRANTED.**

2. Defendant is acquitted of Count 3. A judgment of acquittal on Count 3 shall be entered.

3. The Court declines to conditionally order a new trial, pursuant to FRCrP 29(d)(1).

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and the United States Probation Office.

**DATED** September 22, 2025.

_____
REBECCA L. PENNELL
United States District Judge